# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO A.M.S., D.J.S-R. AND
E.L.S-R., MINORS.

No. 70378

---

NICOLE S.,
Appellant,
vs.
CLARK COUNTY DEPARTMENT OF
FAMILY SERVICES; A.M.S.; D.J.S-R.;
AND E.L.S-R., MINORS,
Respondents.





JUN 15 2017

## ORDER OF AFFIRMANCE

This is an appeal from a district court order terminating appellant's parental rights as to three minor children. Eighth Judicial District Court, Clark County; Cynthia N. Giuliani, Judge.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the children's best interests. NRS 128.105(1); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). Evidence of parental fault may include neglect, parental unfitness, failure of parental adjustment, a risk of serious physical or emotional injury to the children if the children are returned to the parent, and demonstration of only token efforts. NRS 128.105(1)(b). On appeal, this court reviews questions of law de novo and

the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014).

First, appellant argues that substantial evidence does not support the district court's findings of parental fault because she completed the requirements of her case plan in the first protective custody action resulting in the return of the children to her care and because she has substantially completed the requirements of her case plan in the second protective custody action. She asserts that her parenting was not the problem as she has consistently visited the children, advocated on their behalf, and assisted with their medical appointments.

Having reviewed the record, we conclude that substantial evidence supports the district court's parental fault findings that appellant is an unfit parent, failed to adjust the circumstances that led to the children's removal, and poses a risk of serious physical or emotional injury to the children if they are returned to her care.[1] *See* NRS 128.105(1)(b)(3)-(5). A parent is unfit when "by reason of the parent's fault or habit or conduct toward the child or other persons, [the parent] fails to provide such child with proper care, guidance and support." NRS 128.018. "What constitutes being unfit can vary from case to case but generally includes continued drug use, criminal activity, domestic violence, or an overall inability to provide for the child's physical, mental or emotional health and development." *In re Parental Rights as to N.J.*, 125 Nev. 835,

---

[1]While appellant argues that respondent failed to demonstrate there was a risk of serious emotional injury to the children if they were returned to her care because there was no expert evidence offered that the domestic violence had a serious emotional impact on the children, NRS Chapter 128 does not require expert evidence to establish the risk of emotional injury.

845, 221 P.3d 1255, 1262 (2009) (internal quotations omitted). Failure of parental adjustment occurs when a parent is unable or unwilling within a reasonable time to substantially correct the circumstances which led to the removal of the child. NRS 128.0126.

The children were removed from appellant's care on three separate occasions as a result of either drug use or domestic violence. Appellant previously admitted to using illegal substances, received treatment, and then refused to comply with random drug testing before the termination trial. Additionally, when the children were removed the most recent time, police discovered marijuana growing in one of the closets of the house. Further, the children have witnessed their father commit domestic violence against appellant on numerous occasions. Although appellant completed the requirements of her original case plan, she lied to respondent Clark County Department of Family Services about her continued relationship with the children's father. Consequently, only three months after the children were returned to appellant's care and the first protective custody action was closed, the children were once again removed from her care because she had moved the children in with their father, who was only permitted supervised visitation and had perpetrated domestic violence against her in front of the children, including throwing a table leg through the windshield of appellant's car while she and the children were in the vehicle.

Despite appellant's continuous attendance at domestic violence classes, she has not implemented what she has learned, showed a behavioral change, or demonstrated a protective capacity for the children. *See In re Parental Rights as to A.P.M.*, 131 Nev., Adv. Op. 66, 356 P.3d 499, 503-05 (2015) (recognizing that technical case plan completion does

not prevent termination if there is evidence the parent has not learned the lessons proffered by the case plan). Thus, substantial evidence supports the district court's finding that appellant is an unfit parent, has failed to adjust the circumstances that led to the children's removal, and poses a risk of serious physical or emotional injury to the children if they are returned to her care.[2]

Second, appellant contends that substantial evidence does not support the district court's finding that termination was in the children's best interests because they have a strong bond with her; termination will prevent the children from maintaining relationships with close, extended family; and they are currently in two separate foster homes that are not potential adoptive resources. When the children were removed from appellant's care for the third and most recent time, they exhibited violent behaviors. In fact, the middle child's violence toward the youngest child was so extreme, he eventually had to be placed in a separate foster home from the other two children. The evidence at trial demonstrated that the children's behaviors had improved while in foster care. Further, evidence was offered that a grandparent visitation request was filed before the termination trial, and thus, the children may still maintain a relationship with their extended family. Also, the district court may terminate parental rights even if the children have not been placed with an adoptive family. *In re Parental Rights as to A.J.G.*, 122 Nev. 1418, 1425, 148 P.3d 759, 764 (2006). Thus, substantial evidence supports the district court's

---

[2]Because only one ground of parental fault is required to support the termination of parental rights, *see* NRS 128.105(1)(b) (requiring a finding of at least one ground of parental fault), it is unnecessary for us to review the district court's other findings of parental fault.

finding that appellant failed to rebut the presumption that because the children have resided outside of her care for 14 of 20 consecutive months, termination was in their best interest. NRS 128.109(2). For the reasons set forth above, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Hon. Cynthia N. Giuliani, District Judge
        Keels Law Group
        Legal Aid Center of Southern Nevada, Inc.
        Clark County District Attorney/Juvenile Division
        Eighth District Court Clerk

